**Amarjit Kaur GREWAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72087.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 [*].

Filed May 23, 2007.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Hardeep Singh Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Aviva L. Poczter, Esq., Terri Leon Benner, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM [**]

Amarjit Kaur Grewal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Where the BIA has reviewed the IJ's decision and its analysis of the issues is conclusory we look "to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir.2000). We review for substantial evidence, *Mashiri v. Ashcroft*, 383 F.3d 1112, 1118 (9th Cir.2004), and we grant the petition in part, deny in part, and remand.

Because the BIA did not make an explicit adverse credibility determination in this case, we accept Grewal's testimony as true. *See Navas v. INS*, 217 F.3d 646, 652 n. 3 (9th Cir.2000).

The IJ found that Grewal failed to establish past persecution, in part, because the death of her father-in-law at the hands of Sikh militants did not constitute persecution of Grewal herself. Substantial evidence does not support this finding because we have recognized consistently that violence against family members may support an applicant's asylum claim. *See Mashiri*, 383 F.3d at 1120. Because the agency did not consider past persecution properly, and a presumption of a well-founded fear of persecution may apply, *see* 8 C.F.R. § 208.13(b)(1), we grant the petition, and remand, with respect to Grewal's asylum and withholding of removal claims.

In regard to CAT relief, substantial evidence supports the BIA's denial of relief because Grewal failed to establish that it is "more likely than not" that she will be tortured if removed to India. *See Kumar v. Gonzales*, 444 F.3d 1043, 1055–56 (9th Cir.2006).

Accordingly, we grant the petition and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED in part and DENIED in part and REMANDED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.